RUTHERFORD, respondent, *v.* TALENT, appellant.

NEW TRIAL — *Notice of — Insufficiency in, cured by stipulation.* — A notice of motion for a new trial, which insufficiently designates on what the motion will be based, whether on the minutes of the court, a statement of the case, or a bill of exceptions, is cured by a stipulation that a statement of the case might be used on the motion. .

SAME — *Notice of hearing not required.* — When a sufficient notice of motion for a new trial has been served on the adverse party, no formal written application in addition is necessary in order to bring the motion to a hearing.

*Appeal from Second District, Silver Bow County.*

THE opinion states the facts.

F. W. COLE and J. T. BALDWIN, for the appellant.

STEPHEN DE WOLFE, E. W. & J. K. TOOLE, and WILLIAM WALLACE, Jr., for the respondent.

WADE, C. J. This is a motion to dismiss the appeal for the reason that no sufficient notice of motion for a new trial was given, and that no motion for a new trial was filed.

The Code, section 287, provides that the party intending to move for a new trial must file with the clerk, and serve upon the adverse party, a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, minutes of the court, bill of exceptions, or a statement of the case.

The notice of motion was as follows:

" Said motion will be made and based upon the following grounds:

" 1. That the findings or decision of the court is against the law and the evidence.

" 2. Errors of law occurring at the trial, and then and there duly excepted to by the defendant, to wit: The court erred in sustaining plaintiff's motion to strike out the evidence of Patrick Talent, the defendant, including the letters of defendant to plaintiff, and plaintiff's letters to defendant; the court erred in refusing to allow defendant to prove that he was the trustee of the property mentioned in the deeds from Adam Rutherford to defendant and from defendant to plaintiff, and that the plaintiff was the sole beneficiary of said property. Said motion will be made and based upon the minutes of the court, the statement of the case, and bill of exceptions."

There was a statement of the case, and it was stipulated by the attorneys of the respective parties that the statement might be used on the motion for a new trial.

If this notice was defective in not making known whether the motion for a new trial would be made upon affidavits, minutes of the court, bill of exceptions, or statement of the case, as required by the statute, this stipulation that the statement of the case might be used on the hearing of such motion would cure the defect.

The office of the notice is to inform the adverse party of

the grounds of the motion, and the errors relied on for obtaining a new trial. The notice in question performs that office. It sufficiently designates the errors complained of, and the adverse party, by his own agreement, has stipulated that the statement of the case might be used upon the consideration of the questions raised by the motion for a new trial. He is not, therefore, in a situation to complain that the notice does not give him all the information that the law provides that he shall have.

If the notice designates the grounds upon which the motion for a new trial can be based, it is not necessary to make a formal, written motion, repeating the errors assigned in the notice.

A motion is an application for an order. If this notice is what the law requires, and has been duly served on the adverse party, no formal, written application, in addition to the notice, is necessary in order to bring the motion for a new trial to a hearing.

The notice is the only written motion required by the statute, and we know of no rule of court requiring such motion to be in writing.

The motion to dismiss the appeal is overruled.