WILLIAM HARNETT, BY GEORGE A. LAMONT, HIS GUARDIAN AD LITEM, APPELLANT, *v.* THE CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

NEW TRIAL — ORDER GRANTING — INSUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT — APPEAL. — When the evidence is conflicting, an order granting a new trial on the ground of the insufficiency of the evidence to support the verdict will not be disturbed on appeal.

ID. — ORDER BASED UPON ERRONEOUS GROUND. — An order granting a new trial, if justifiable on any of the grounds upon which the motion therefor was based, will not be disturbed on appeal, notwithstanding the trial court, in an opinion rendered at the time of granting the motion, assigned a ground for its ruling which is untenable.

ID. — SUFFICIENCY OF SPECIFICATION OF PARTICULARS. — The specifications of the particulars in which the evidence was claimed to be insufficient to support the verdict, *held*, sufficiently specific.

APPEAL from an order of the Superior Court of Solano County granting a new trial.

The action was brought to recover damages for personal injuries alleged to have been caused to the plaintiff through the negligence of an employee of the defendant in pushing him from one of its engines. A verdict was rendered in favor of the plaintiff. The defendant moved for a new trial, on the grounds, among others, of newly discovered evidence, and insufficiency of the evidence to justify the verdict, and that it is against law. The motion was granted, and from the order granting it the plaintiff appealed. The further facts are stated in the opinion of the court.

*George A. Lamont,* and *Matt. Clarken,* for Appellant.

*W. H. L. Barnes,* for Respondent.

PATERSON, J.—Appeal from an order granting a new trial.

The question of fact in the case is, whether the plaintiff, a minor, was forcibly ejected from a switch-engine,

and through the negligence of defendant's employees run over and injured, or whether he fell, or of his own volition jumped, from the engine.

The evidence is very conflicting. Following the rule so often referred to and applied, therefore, the order of the court should not be disturbed. It is claimed, however, that the specifications of particulars as to the insufficiency of the evidence to justify the verdict fail to show wherein the evidence is insufficient.

The specifications are in the following language: " The evidence was insufficient to show that the plaintiff was by any servant or employee of the defendant negligently or carelessly pushed, shoved, forced, or driven from said engine. On the contrary, the evidence established that the plaintiff, with his companions, contrary to the orders of the persons in charge of the switch-engine No. 44, got upon the foot-board in front of said engine, which was a place of great peril to him, and attempted to steal a ride thereon. The evidence showed that as soon as they were discovered the engineer in charge of said engine slowed down the same, intending to come to a full stop, and then remove the plaintiff and his companions from the position of danger which they occupied. The evidence showed that the plaintiff and his companions jumped from said engine before it had stopped, and thereby received the injuries complained of. The evidence showed that the injuries received by the plaintiff were caused proximately by his own negligence and willful disregard of the orders and directions of the servants and employees of the defendant, and not in consequence of any act or omission of the defendant, or its servants or employees. The whole case showed no negligence, either in fact or in law, of the defendant."

It would be difficult to state in more specific terms the particular points of insufficiency on which the moving party proposed to rely in its proceeding for a new trial. It gave the plaintiff notice, in plain and direct language,

of the matters that would be urged on the hearing of the motion,—which is the object of the statute requiring such specifications, —and could not have misled him in preparing his amendments to the proposed statement. As stated by the judge in his decision granting a new trial, " The whole case was tried upon one theory that the injury was caused by the act of the fireman in pulling the hat and hair of plaintiff, and actually pushing him from the engine,"—how plaintiff came to jump or fall was the main question.

It is contended by appellant that the opinion of the court, filed with the order, shows that the new trial was granted upon the affidavits filed by defendant in support of its motion on the ground of newly discovered evidence, and upon no other ground ; that reasonable diligence was not exercised by defendant in procuring evidence; that the evidence is immaterial, and is simply cumulative.

It is true, the court, in an opinion which we find in the transcript, discusses the question whether the defendant is entitled to a new trial on the ground of newly discovered evidence, and concludes that the affidavits are sufficient, and a new trial should be granted on the ground named. The court, in its opinion, does not discuss any other ground specified in the motion for a new trial, and as the order subsequently entered granting a new trial does not specify the grounds upon which it is based, we cannot say what the views of the court were upon the grounds not discussed. It matters not whether the court has or has not come to an erroneous conclusion in discussing one of the grounds for new trial.

As stated by Mr. Justice McFarland in *Nally* v. *McDonald*, 77 Cal. 284, " the order should be affirmed if it can be justified on any of the grounds upon which the motion for a new trial was based. . . . . A motion for a new trial on the ground of the insufficiency of the

LXXVIII. CAL.—3

evidence to support the verdict is addressed to the sound discretion of the trial court; and when on such a motion the court below has granted a new trial, the order granting it will not be disturbed unless there has been a clear abuse of discretion."

We see no such abuse in this case.

Order affirmed.

SEARLS, C. J., WORKS, J., McFARLAND, J., and SHARPSTEIN, J., concurred.

THORNTON, J., dissented.