McCAULEY, RESPONDENT, *v.* TYLER ET AL., APPELLANTS.

[Argued June 19, 1891. Decided July 20, 1891.]

NEW TRIAL.—*Appeal*—*Findings of fact.*—An order granting a new trial upon the ground of insufficiency of evidence to support the judgment, which was rendered upon findings of fact, will not be disturbed on appeal, under the rule that a finding of facts must stand if there is evidence to support it, as such rule applies to appellate but not to trial courts.

*Appeal from Tenth Judicial District, Fergus County.*

Plaintiff's motion for a new trial was granted by BENTON, J.

*E. W. Morrison, F. E. Smith,* and *Wade & Blackford,* for Appellants.

*Thos. C. Bach,* for Respondent.

BLAKE, C. J. — This is an appeal from the order of the court below in granting a motion for a new trial. The action was commenced by McCauley to recover damages for the unlawful diversion of water, and obtain a decree enjoining six persons from further interference with his prior rights. The case was tried by the court without a jury, and a judgment for defendants was entered upon the finding of facts. McCauley filed a motion for a new trial, which was granted, and the following memorandum by the judge appears in the transcript: "Judgment was rendered for the defendants upon the ground that the plaintiff had failed to use due diligence in constructing his ditch, but, upon examination of the evidence, I am of opinion that it is not sufficient to justify such judgment." Three of said defendants have united in this appeal.

No question of law is involved, and the grounds of the motion and order are the insufficiency of the evidence to support the decision of the court. A review of the testimony, which need not be repeated, leads to the conclusion that the learned judge performed his duty in this matter. As early as the year 1863, the Supreme Court of California, in *Quinn* v. *Kenyon*, 22 Cal. 82, said: "It is only in rare instances, and upon very strong grounds, that this court will set aside an order granting a new trial." In expressing this view of the evidence, we refrain from making any statement which would have the effect of determining finally the issue respecting the diligence of the respondent in the construction of his ditch. It is maintained by the appellants that the finding of facts from the testimony is like the verdict of a jury, and must stand if there is evidence to support it. Although the verdict and finding are upon the same footing for this purpose, this rule does not apply to the judge of the court below. (*Dickey* v. *Davis*, 39 Cal. 565; *Sherman* v. *Mitchell*, 46 Cal. 576; *Curtiss* v. *Starr*, 85 Cal. 376.) It is said in the last case that "the rule as to conflict of evidence does not apply in the trial court."

It is therefore adjudged that the order be affirmed.

*Affirmed.*

HARWOOD J., and DE WITT, J., concur.