RAY ET AL., APPELLANTS, *v.* COWAN ET AL., RESPOND-
ENTS.

[Submitted April 8, 1896.   Decided May 4, 1896.]

APPEAL—*New trial—Conflict in evidence.*—Where there is a substantial conflict in the
evidence as to the character of the contract sued on, an order granting a new trial
will not be disturbed on appeal where no abuse of discretion appears.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to recover for services rendered.   Plaintiffs had
judgment below.   Defendant's motion for a new trial was
granted by McHATTON, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

Plaintiffs, who are partners, bring this suit to recover of
the defendants commission for the sale of stock owned by de-
fendants in the Silver Bow Hydraulic Mining Company.
Plaintiffs allege that they were employed to effect a sale of de-
fendants' stock in said company; that they did effect a sale
thereof, for $100,000 cash and 1,000 shares of the capital
stock of a water company to be thereafter organized by the
purchasers of said stock and others; that defendants agreed to
pay them a reasonable compensation for making such sale; and
that their services in the premises were reasonably worth
$10,000.

The answer denies all the allegations of the complaint, and
alleges affirmatively that about the 1st of March, 1890, the
plaintiffs were civil engineers, and that they (defendants) em-
ployed the plaintiff Ray to go east from Butte, to use his en-
deavors to effect a sale of their stock in said company to J. A.
Cowan and others, for the sum of $150,000 in cash; that they
agreed to pay said Ray such compensation as was reasonable
for civil engineers for the time he was absent on such busi-
ness, and his expenses; that it was then agreed that said Ray
should receive such compensation as a civil engineer whether

such sale was made or not, and that it was no part of the contract that Ray should receive any commission whatever on said sale should it be perfected; that Ray's services as an engineer were reasonably worth $15 per day for the time he was absent on said business, and his expenses. Defendants allege that they paid Ray $150, and consent that plaintiffs may take judgment for $415, the balance they claim is due for time and expen-es of Ray while engaged in said business.

The case was tried with a jury. A verdict was rendered in favor of plaintiffs for $5,000. The defendants made their motion for a new trial. This motion was sustained, and a new trial granted by the court. From the order granting a new trial, plaintiffs appeal.

*Corbett & Wellcome* and *C. R. Leonard;* for Appellants.

*Forbis & Forbis,* for Respondents.

PEMBERTON, C. J.—Counsel for appellants contend that the court below erred in granting the motion for a new trial. It is contended that there is no substantial conflict in the evidence, and that, therefore, the granting of a new trial was an abuse of judicial discretion on the part of the district court. This is the only error assigned.

This assignment renders it necessary to determine whether or not there is a substantial conflict in the testimony as to what was the contract between the parties concerning the compensation plaintiff Ray was to receive for his services in relation to effecting a sale of the stock of defendants mentioned in the statement.. The complaint alleges that the plaintiffs were to receive reasonable compensation for effecting the sale of the stock.

The testimony of plaintiff Ray as to what the contract was is substantially as follows : " While out beyond the Germania mine, making some surveys, Mr. Cowan and Frank Leonard drove out, and Mr. Cowan asked me if I could go to Chicago that night, in connection with this business. I told him I was busy, and told him I did not think I could go. He

urged me rather, and said there was no one else who could go, and I finally consented. As we started to come up town, Mr. Cowan said he thought it was no more than right that we should have some understanding as to what it was going to cost them, and asked me what I was going to charge them. I told them that I could not say exactly; that I did not know whether I could do them any good, or whether I could do anything; and that it would depend entirely upon what I could do for them. * * * I think I added, 'I won't rob you.'" This testimony is corroborated by witness Hughes.

On the other side, it appears that the plaintiffs are, and at the time of the contract were, civil engineers; that they had done work as such for defendants for $15 per day, and expenses. Carter, a witness for the defendants, who was interested with them in the stock, and who was probably the first person who spoke to Ray about going east for defendants, testified that his proposition to Ray was that he (Ray) should go east for the defendants, "the same as if he had gone out in the field." Cowan (defendant) testified: "When I first engaged Ray to go east, he (Ray) said he could not afford to go and leave his work. I told him that we did not ask him to go for nothing, that we would pay him his time and expenses, and he then finally consented to go." Defendant Talbott testifies: "The understanding entered into at that time between us as to what Mr. Ray was going east for, and upon what terms, was this: He was to go east to take the profile of the work, and explain to these promoters what the cost would be of fetching that water in, and that we were to pay him his expenses and for his time. * * * Mr. Ray said he did not like to go, but he would go if we wanted him to, and would have to have expenses and time."

It appears from the record that the knowledge Ray had of the water ditches, sources and amount of water, capacity of the ditches, and the condition and value thereof, belonging to defendants, was acquired while Ray was in their employ as engineer. Ray, it is admitted, was to be paid his expenses and for his time whether the sale was effected or not. It also

appears from the evidence that negotiations were pending between the defendants and the purchasers of the stock before Ray was employed to go east to see them (the purchasers) in the interest of defendants, and that these negotiations had not been suspended.

We think there is a substantial conflict in the evidence as to what was the contract between the parties. The fact that Ray was to be paid his expenses and for his time whether a sale of the stock was made or not tends strongly, we think, to support the theory that Ray was not employed as a broker, but as a civil engineer, to go east to explain to the contemplated purchasers such matters and things in connection with the water ditches of the defendants as only a civil engineer could know, and which knowledge Ray acquired while in the employ of the defendants.

The counsel for the appellants contend that Ray's testimony as to what the contract was is not disputed. It is not perhaps disputed in *totidem verbis;* nor is the testimony of the defendants as to what the contract was so disputed. But the testimony of plaintiff tends to show a contract as to Ray's compensation. The testimony of the defendants tends to show a substantially different one. We think this condition of the evidence develops and constitutes a conflict as much as if every syllable thereof had been specifically contradicted.

Having determined that there is a substantial conflict in the evidence, and failing to discover any abuse of discretion in the action of the court in granting a new trial, in accordance with the many and uniform decisions of this court, the order appealed from must be affirmed; and it is so ordered.

*Affirmed.*

HUNT, J., concurs.    DE WITT, J., not sitting.