## PATTEN, APPELLANT, *v.* HYDE, RESPONDENT.

[No. 1234.]

[Submitted May 8, 1899. Decided June 5, 1899.]

### *New Trial—Setting Aside Verdict—Specifications.*

1. The Supreme Court will not disturb the action of a trial judge in setting aside a verdict, where he is s itisfied that it is not warranted by the evidence.
2. Specifications are sufficient to point out the particulars in which evidence is claimed to be insufficie t to justify a verdict, which give the opposite party notice, and advise the court in plain language of the matters that would be urged on the hearing.

*Appeal from District Court, Granite County; Theo. Brantly, Judge.*

| 23 | 23 |
|----|-----|
| f23 | 204 |
| 23 | 23 |
| 26 | 72 |
| 23 | 23 |
| e27 | 11 |
| 27 | 13 |
| 23 | 23 |
| 29 | 227 |
| 23 | 23 |
| 32 | 327 |
| 23 | 23 |
| 34 | 486 |
| 23 | 23 |
| 36 | 416 |
| 23 | 23 |
| 38 | 36b |

Action by James Patten against Joseph A. Hyde. There

was a verdict for plaintiff. From an order granting defendant a new trial, plaintiff appealed. Affirmed.

*Mr. T. J. Walsh,* and *Messrs. Rodgers & Rodgers,* for Appellant.

*Mr. W. E. Moore,* and *Messrs. Durfee & Brown,* for Respondent.

**PER CURIAM.**—Plaintiff (appellant) sues the defendant (respondent) for $750, together with interest, alleged to be due him upon a rescission of a sale of certain banking interests by the defendant to plaintiff and others.

Plaintiff's complaint alleges that on the 4th day of April, 1893, the plaintiff and one Freyschlag and one Reins bought, and the defendant sold to them, a two-fifths interest in and to the capital stock of the First National Bank of Philipsburg, and in and to the banking firm of Hyde, Freyschlag & Co., and in and to the Joseph A. Hyde Banking Company, each of said persons agreeing to buy and to take for himself a one-third of said two-fifths interest; that in consideration of said sale the said parties agreed to pay to the said defendant the sum of $52,250, and did pay him $2,250 in cash, and gave him their promissory note for the sum of $50,000, payable on April 4, 1894; that afterwards, on the 28th day of July, 1894, it was mutually agreed between said defendant and the said plaintiff, Freyschlag, and Reins, that the said sale should be rescinded, and that the said defendant should return to them for cancellation the $50,000 note, and should repay to each of said persons his proportionate share of said $2,250 which had theretofore been paid; that thereupon the plaintiff, Freyschlag, and Reins, relinquished all their claim to said banking interest, and Hyde became the owner thereof; that Hyde released to the plaintiff and to Freyschlag and Reins the $50,000 note for cancellation, but refused to pay to the plaintiff his proportionate share of said $2,250.

The answer denies that defendant ever agreed with plaintiff, Freyschlag, and Reins, or either of them, that upon the re-

sumption of the ownership of the two-fifths interest in the banking institutions he would repay to plaintiff, or to each of said persons, or to either or any of them, his proportionate share, or any share, of the $2,250, as alleged in the complaint, or at all; and denies that there was any agreement whatever that all or every person a party to the said contract, as alleged, should be placed in exactly the same position in relation to the said $2,250, or that there should be any change of position at all of any of said parties with reference to the said sum, by reason of said rescission of the contract. The defendant alleges that at the time of the rescission, as alleged in plaintiff's complaint, it was agreed between plaintiff, Freyschlag, and Reins, and defendant that, in consideration of the rescission of the contract by defendant, he (defendant) should retain the said $2,250, and that no part of said sum should be repaid to plaintiff, Freyschlag, or Reins, or either of them, but that the return and cancellation of the said note for $50,000 was the only consideration that the said plaintiff, Freyschlag, and Reins, or either of them, was to receive for said rescission of said contract.

The cause was tried before a jury, and a verdict rendered in favor of the plaintiff for the full amount sued for, and judgment was entered thereon. Defendant moved for a new trial, which motion was granted. Plaintiff, Patten, appeals from the order granting a new trial.

The district court granted a new trial on the grounds that under the allegations of the complaint the contract sued on was a joint one, while the evidence showed that, if any contract at all was made between the plaintiff and the defendant, it was several and separate, wherefore there was such a variance between the pleadings and the proof that defendant's motion for a nonsuit ought to have been granted during the course of the trial, and because the evidence was insufficient to justify the verdict.

The question of whether or not there was a variance between the allegations of the pleadings and the proof which was material under the Code of Civil Procedure (Sections

770–772) need not be decided, for the plaintiff may amend before the case is tried again.

We have examined the testimony contained in the record, and find no good reason for disturbing the action of the district court in granting a new trial upon the ground that the evidence is insufficient to justify the verdict. It is thoroughly well settled that if a judge before whom a case is tried is satisfied that a verdict is not warranted by the evidence, he should set it aside upon proper motion. (*Hamilton* v. *Nelson*, 22 Mont. 539, 57 Pac. 146; *In re Carriger's Estate*, 104 Cal. 81, 37 Pac. 785; *Ray* v. *Cowan*, 18 Mont. 259, 44 Pac. 821; *McCauley* v. *Tyler*, 11 Mont. 51, 27 Pac. 391; *Murray* v. *Heinze*, 17 Mont. 353, 42 Pac. 1057, and 43 Pac. 714; *Menard* v. *Montana Central Railway Co.*, 22 Mont. 340, 56 Pac. 592; *Jones* v. *Sanders*, 103 Cal. 678, 37 Pac. 649; *Warner* v. *Thomas Cleaning Works*, 105 Cal. 409, 38 Pac. 960.)

We think that the specifications are sufficient to point out the particulars in which the evidence is alleged to be insufficient to justify the verdict. They are not as explicit in form as they might have been if they had strictly followed the rule approved of in *First National Bank* v. *Roberts*, 9 Mont. 323, 23 Pac. 718, and *Strasburger* v. *Beecher*, 20 Mont. 143, 49 Pac. 740; but they certainly gave the plaintiff notice, and advised the court in plain language of the matters that would be urged on the hearing of the motion. *Harnett* v. *Central Pacific Railroad Co.*, 78 Cal. 31, 20 Pac. 154.

The order granting a new trial is affirmed. Remittitur forthwith.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY, being disqualified, took no part in this decision.