STATE, APPELLANT, *v.* SCHOENBORN, RESPONDENT.

(No. 3,962.)

(Submitted January 11, 1919. Decided March 3, 1919.)

[178 Pac. 294.]

*Criminal Law — New Trial — Appeal and Error — Burden on Appellant—Presumptions.*

New Trial—Setting Aside Order—Showing Necessary.
   1.   It is only upon a very strong showing that the supreme court will on appeal set aside an order granting a new trial.
Same—Criminal Law—Appeal—Extent of Review.
   2.   Where, on appeal by the state from an order granting defendant a new trial on the ground that the verdict returned was contrary to

the evidence, it appears that the judge who tried the cause also granted the motion, the supreme court is limited in its review to an examination of the record to ascertain whether there is a substantial conflict in the evidence, or an absence of evidence necessary to make out a case.

Same—Criminal Law—Appeal and Error—Duty of Appellant.

3. An order granting a new trial to defendant in a criminal cause made by a district judge other than the one who tried it, on the ground that the verdict was contrary to the evidence, required a determination of the weight of the evidence—an exercise of judicial function—and the burden of showing that the district judge could not, in the exercise of sound judgment, conclude from the record that the evidence was insufficient to justify the verdict was upon the state.

Same—Criminal Law—When Defendant Entitled to Retrial.

4. To secure a new trial a convicted defendant in a criminal case is not required to show an entire absence of evidence of some fact necessary to make out a case; if he can convince the district court that the evidence in its entirety is insufficient in weight to justify the verdict, he is entitled to a retrial.

Appeal and Error—Presumptions.

5. In entering upon its consideration of an appeal, the supreme court indulges the presumption that the judgment or order from which the appeal is taken is correct, the burden being upon appellant to show reversible error.

*Appeal from District Court, Phillips County, in the Seventeenth Judicial District; T. A. Thompson, Judge of the Eleventh District, presiding.*

THEODORE E. SCHOENBORN was convicted of a felony. From an order granting him a new trial, the state appeals. Affirmed.

*Mr. Jos. B. Poindexter,* Attorney General, and *Mr. E. D. Phelan,* for Appellant, submitted a brief; *Mr. Phelan* argued the cause orally.

No appearance on behalf of Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of a felony and the state has appealed from an order granting him a new trial.

Several of the statutory grounds are mentioned in the motion, but in this court the argument in support of the ruling is confined to one, *viz.:* The verdict is contrary to the evidence.

In 1863 the supreme court of California said: "It is only in [1]  rare instances and upon very strong grounds that this

court will set aside an order granting a new trial." The language was quoted with approval by this court in McCauley v. Tyler, 11 Mont. 51, 27 Pac. 391, and the principle has been adhered to consistently since that case was decided. (See Gibson v. Morris State Bank, 49 Mont. 60, 140 Pac. 76.)

If the same judge who presided at the trial had presided [2] when the motion was granted, our review would be limited to an examination of the record to ascertain whether there is disclosed a substantial conflict in the evidence or an absence of evidence necessary to make out a case. (State v. Foster, 26 Mont. 71, 66 Pac. 565.) But Judge Utter, who presided in court when the motion for a new trial was heard and sustained, did not preside at the trial of the cause, and for this reason it is suggested that a different rule should govern our review of the order.

The right of a defendant who has been convicted, to move for a new trial upon the ground that the verdict is contrary to the evidence, is one conferred upon him—to the exclusion of the state—by statute (sec. 9350, Rev. Codes), and the authority of the district court to grant the motion is confirmed by the same section, and that, too, without reference to the fact that a different judge may preside at the hearing of the motion, [3] from the one who presided at the trial. It may be conceded that by reason of the fact that Judge Utter could not be aided by any impressions received from the testimony of living witnesses, the order is not entitled to the support of all the presumptions which would have attached to it if the same judge who heard the motion had presided at the trial; still, after making every proper allowance for the judge's disadvantageous position, the court was required to exercise judicial functions—to determine whether, upon the record, the verdict was contrary to the evidence. (In re Williams' Estate, 50 Mont. 142, 145 Pac. 957.)

In civil actions, a new trial may be granted for "insufficiency of the evidence to justify the verdict." (Sec. 6794, Rev. Codes.) This language has been uniformly held to require the

court to grant a new trial if in its judgment the weight of the evidence does not justify the verdict. (*Hamilton* v. *Monidah Trust,* 39 Mont. 269, 102 Pac. 335; *Harrington* v. *Butte & B. Min. Co.,* 27 Mont. 1, 69 Pac. 102; *Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407.) The expression, "the verdict is contrary to the evidence," has been held to mean the same thing as the expression, "insufficiency of the evidence to justify the verdict." (*Flaherty* v. *Butte Electric Ry. Co.,* 42 Mont. 89, 111 Pac. 348.)

A defendant in a criminal case who has been convicted is not [4] required to show an entire absence of evidence of some fact necessary to make out a case, in order to secure a new trial; but if he can convince the district court that the evidence in its entirety is insufficient in weight to justify the verdict, he is entitled to a new trial. The rule is stated generally as follows: A court may grant a new trial in a criminal case whenever in its judgment the conviction is not warranted by the proof. (*Bachman* v. *People,* 8 Colo. 472, 9 Pac. 42; 16 Corpus Juris, 1179; 12 Cyc. 732.) There is no definite rule of law—no fixed standard—by which to judge of the weight of human testimony, and when the evidence is conflicting, the motion for a new trial upon the ground that the verdict is contrary to the evidence, must of necessity be addressed to the sound judgment of the trial court. (16 Corpus Juris, 1178.) Upon appeal from the order granting or denying the motion, this court sits as a court of error and review, not as a court of original jurisdiction or as an appellate court clothed with authority to try the motion *de novo.* We enter upon our [5] consideration of an appeal indulging the presumption that the judgment or order from which the appeal is taken is correct, and the burden is upon the appellant to show reversible error. (*Rumney Land & C. Co.* v. *Detroit & M. Cattle Co.,* 19 Mont. 557, 49 Pac. 395; *Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060; *Dover Lumber Co.* v. *Whitcomb,* 54 Mont. 141, 168 Pac. 947.) Since the determination upon the weight of the evidence in this instance involved an exercise of judgment,

the state must assume the burden of showing that the record does not present such a case as that Judge Utter in the exercise of sound judgment could conclude that the verdict is contrary to the evidence.

No useful purpose could be served by a review of the evidence. We content ourselves with saying that we have given careful consideration to the entire record, and the state has failed to convince us that the lower court erred in granting the motion.

The order is affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE BRANTLY and Mr. JUSTICE COOPER concur.