STATE ex rel. CLARK et al., Relators, *v.* DISTRICT COURT et al., Respondents.

(No. 6,646.)

(Submitted January 28, 1930.  Decided January 28, 1930.)

[284 Pac. 266.]

510

Mr. *Roy E. Ayers*, Mr. *Sydney Sanner*, Mr. *J. L. Templeman* and Mr. *Fred J. Furman*, for Relator; *Messrs. Ayers* and *Sanner* argued the cause orally.

Mr. *C. A. Spaulding*, Mr. *T. B. Weir* and Mr. *John L. Slattery*, for Respondents; *Messrs. Spaulding* and *Weir* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an application for a writ of prohibition to restrain the district court of Lewis and Clark county from proceeding with the trial of the cause hereinafter mentioned with a jury selected from an array or panel in attendance upon the court.

The facts, as disclosed by the pleadings or gleaned from argument, are that on January 6, 1930, the trial court called its calendar and assigned. cases for trial. Among others was the cause wherein the National Bank of Montana is plaintiff and these relators are defendants, which was set for trial upon January 27, 1930. On the same day the court, proceeding in accordance with section 8902, Revised Codes 1921, made an order that a trial jury be drawn and summoned to attend on January 16, 1930.

On January 13, 1930, as directed by statute (sec. 8896), the jury commissioners of Lewis and Clark county met, made a

list of the names of all persons qualified to serve as trial jurors (sec. 8897), and on January 15, delivered the list to the clerk of the district court, who filed it (sec. 8898) on that day.

When the cause of National Bank of Montana against the relators was called for trial on January 27, but before any jurors were called for the trial thereof, relators interposed a challenge to the panel or array, upon the ground that the persons composing the array were improperly and illegally in attendance upon the court, and that the court was without jurisdiction to proceed to select a jury over the objection of relators; the challenge specified that the array was not selected or drawn as prescribed by law (sec. 9343).

The persons selected by the jury commissioners, and whose names appear in the list filed with the clerk of the district court, "are known as regular jurors, and must serve for one year, and until other persons are selected and returned" (sec. 8901). In other words, the law contemplates that the persons selected by the jury commissioners in January of one year shall, after the filing of the list containing their names with the clerk of the court, be the "regular jurors"—the persons liable to be drawn for jury service—until other persons are selected and returned by the jury commissioners in January of the next succeeding year.

On January 16, the 1930 list having been duly filed with the clerk of the court, the 1929 jury list had become *functus officio*, and the court could no longer form a panel therefrom. The persons summoned to attend as jurors by the order made January 6, not having been impaneled prior to January 15, were, in the face of the objection made by relators, no more than bystanders in the courtroom.

Premising that there is on file with the clerk of the court a valid jury list, and that the names thereon have been written upon separate ballots and placed in jury-box No. 1 (sec. 8899), four steps are necessary to forming a panel or array of jurors for the trial cases in the district court: (1) The court must make the order provided for in section 8902; (2) the clerk in

the presence of the court must draw the jurors required by the court's order from jury-box No. 1, and must certify the same and deliver the certificate to the sheriff for service (secs. 8903, 8904); (3) the sheriff must summon the persons whose names appear in the certificate to appear as the court order requires (secs. 8910, 8912); (4) at the opening of court on the day the jurors have been summoned to appear, the clerk must call the names of those summoned, and the court may then hear excuses. The names of those retained for service shall be then written upon separate ballots, which shall be placed in black capsules, and in the presence of the court deposited in a box, which must be kept sealed or locked until ordered by the court to be opened (sec. 8922). From this box, called the "trial juror box" (sec. 9334), the names of jurors for the trial of cases are drawn. Not until the jurors are accepted for service and their names are placed in the trial juror box is the array or panel complete; in other words, not until the fourth or final step is completed can it be said that the array is impaneled.

It was legally impossible to form an array or panel invulnerable to challenge from the 1929 list after the 1930 list was filed with the clerk. Otherwise, section 8901 is meaningless. Had the persons drawn and summoned from the 1929 list been impaneled before the 1930 list was filed a different situation might be presented; upon this point we do not express any opinion. But clearly a jury actually in service would not be affected by the filing of the new list. (*State ex rel. Clark* v. *District Court,* 31 Mont. 428, 3 Ann. Cas. 841, 78 Pac. 769; *Halsey* v. *Superior Court,* 152 Cal. 71, 91 Pac. 987; *Beach* v. *City of Seattle,* 85 Wash. 379, 148 Pac. 39.)

Relators are entitled to a jury trial. We need not comment upon the insistence with which the people of this country maintain the right of trial by jury. Having this substantial right, relators at the commencement of the trial were entitled to a panel selected in substantial conformity with the requirements of the statute. (*State* v. *Landry,* 29 Mont. 218, 74 Pac. 418; *State ex rel. Root* v. *McHatton,* 10 Mont.

370, 25 Pac. 1046; *Dupont* v. *McAdow*, 6 Mont. 226, 9 Pac. 925.)

It must not be taken from anything said in this opinion that any doubt is cast upon the validity of any verdict rendered by a jury chosen from the persons drawn and summoned pursuant to the court's order of January 6, 1930, where no challenge to the array was interposed.

Relators' challenge to the array should have been sustained.

Let a writ of prohibition issue, forever restraining the district court of Lewis and Clark county from choosing a jury for the trial of the cause of National Bank of Montana, Plaintiff, *v.* W. A. Clark, Jr., and the Montana Free Press, a Corporation, Defendants, from the array drawn and summoned pursuant to the order of the court made and entered on January 6, 1930.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.