HAMILTON, Respondent, *v.* NELSON, Appellant.

[No. 1,122]

[Submitted May 5, 1899.  Decided May 15, 1899.]

*Review— Verdict— Weight of Evidence— Order for New Trial —Scope.*

1. The discretion of the trial judge in granting a new trial on the ground that the verdict is against the weight of evidence will not be disturbed on appeal.
2. An order for a new trial generally is too broad where the only objection to the verdict was that the evidence was insufficient to sustain it as to only a part of the alleged causes of action, and it could be readily granted as to those issues improperly tried without confusion resulting on the retrial.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

Action by James L. Hamilton, executor of the estate of Michael Sullivan, deceased, against Sarah A. Nelson, administratrix of the estate of John W. Nelson, deceased. From an order granting a new trial on a verdict for defendant, defendant appeals. Modified.

*O. B. O'Bannon* and *W. B. Rodgers*, for Appellant.

*G. B. Winston* and *W. H. Trippett*, for Respondent.

PIGOTT, J.   Two causes of action, separately stated and numbered as is required by the last paragraph of Section 672 of the Code of Civil Procedure, are united in the complaint. The subject of the first cause is a promissory note for $960, alleged to have been executed by defendant's intestate to plaintiff's testator; the second cause of action is based upon a judgment for $299, alleged to have been rendered against the intestate and in favor of the testator. The issues raised by the answer were submitted to a jury, who rendered a general verdict for defendant. Plaintiff moved for a new trial of the whole case upon the sole ground that the evidence was insufficient to justify a verdict for defendant on the first

cause of action. The court granted the motion as made, thereby vacating the verdict, and ordering a new trial of both causes. Defendant appeals.

1. The defendant assigns as error the action of the court in granting a new trial of the first cause of action stated in the complaint. His counsel assert that the defense interposed was proved by a clear preponderance of the evidence. After a careful examination of the record we are of the opinion that the court below did not abuse its discretion in granting a new trial of the first cause, for the weight of the evidence is not manifestly with the defendant. Whether or not a new trial should be granted for the reason that the verdict is against the weight of the evidence, is a question peculiarly within the sound legal discretion of the trial judge, who has the advantage of seeing the witnesses, of hearing their testimony orally delivered, and of observing their demeanor and conduct upon the stand; hence the exercise of such discretion will not be disturbed by this Court.

2. The court erred, however, in granting a new trial generally. The only attack made upon the verdict was that the evidence was insufficient to sustain it as to the first cause of action. Plaintiff conceded that the second cause of action was properly tried, and the correct result reached. The order granting a new trial is too broad. In the case at bar, as in Wilson v. Barbour, 21 Mont. 176, 53 Pac. 315, the statement of each cause of action is practically a complaint in itself. No interdependence exists, but each cause is in all respects as independent of the other as if it were the sole matter in the complaint. In Ramsdell v. Clark, 20 Mont. 103, 49 Pac. 591, the following pertinent language is used: "Where the issue or issues in one cause of action have been properly tried, and those in another cause of action in the same suit have been improperly tried, it is the duty of the trial court, in passing upon a motion for a new trial, to grant it only as to those issues which have been improperly tried, where this can be done readily, and without confusion resulting upon the retrial."

So much of the order appealed from as sustains the motion

for a new trial of the first cause of action is affirmed, but that part of the order granting a new trial of the second cause is reversed. The case is remanded, with direction to modify the order so that it shall conform to the views herein expressed. The defendant will recover the costs of this appeal. Let *remittitur* issue forthwith.

*Modified and remanded.*

HUNT, J., concurs. BRANTLY, C. J., disqualified.