REEVES AND COMPANY, INCORPORATED, v. R. R. YOUNG-LOVE and B. R. YOUNGLOVE, Appellants.

**Sales:** WARRANTY: NOTICE OF DEFECTS: EVIDENCE. The purpose ,of the provision in a contract for the sale of machinery that the purchaser shall give the seller notice of defects therein is to afford the seller an opportunity to inspect the machinery and remedy the defects; and where the seller has been given actual notice and has acted upon the same as fully as he could have done had formal written notice been given as required by the contract, he is in no position to complain of the notice. It is also the general rule that an agent having power to sell machinery under a contract which contains conditions for the benefit of the seller has authority to waive such conditions. In this action for the price of machinery sold under a contract giving the purchaser a stated time for its trial and providing for written notice of defects to the seller and local agent, it is held that the verbal notice to the agent who acted upon the same and attempted to remedy the defects, and written notice to the seller within the time allowed for a trial of the machinery, were sufficient.

**Same:** BREACH OF WARRANTY: WAIVER. It is also held that as the agent after an unsuccessful attempt to remedy the defects in the machinery informed the buyer that the same belonged to him and that he would have to pay for it, the buyer was justified in believing that the seller would not accept a return of the machinery or do anything further towards fulfilling the conditions of the warranty, and his failure to return the machinery as required by the contract does not preclude him from relying upon a breach of the warranty.

**Same:** BREACH OF WARRANTY: RECOVERY OF DAMAGES. Under a contract for the sale of machinery which provides that the buyer shall settle therefor by payment of freight and the giving of notes for the price, for a trial of the machinery and return thereof if it fails to comply with the warranty, the buyer may recover the freight paid where the warranty is not fulfilled.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLIVER, Judge.

MONDAY, OCTOBER 24, 1910.

THE defendants appeal from a judgment against them on a directed verdict.—*Reversed.*

*W. G. Sears* and *B. E. Goodspeed,* for appellants.

*Shull, Farnsworth & Sammis,* for appellee.

SHERWIN, J.—The defendants gave the plaintiff their notes for a set of steam lift plows, and this suit was brought to recover thereon. The defendants pleaded a breach of warranty and a waiver of certain conditions of the contract, which will be further noticed herein. They also made a counterclaim for freight paid by them. At the close of the evidence, the plaintiff's motion for a directed verdict was sustained, and a judgment was rendered against the defendants for the full amount of the plaintiff's demand. The only parts of the contract material to the question before us for determination are as follows:

The undersigned (hereinafter called the purchaser), residing at Moville, Iowa, this day orders of Reeves & Company (Inc.), of Columbus, Indiana (hereinafter called the vendor), twelve fourteen-inch flexible frame steam lift plows, breaker bottoms.

In consideration whereof the purchaser agrees to receive the same on its arrival, subject to all considerations of the warranty, pay freight and charges thereon from Columbus, Indiana, and also agrees to pay to the vendor's order the sum of twelve hundred dollars ($1,200.00). One note due November 1, 1907, six hundred dollars ($600.00), and one note due November 1, 1908, six hundred dollars ($600.00), payable at Moville, Iowa.

Machinery to be loaded on cars at Columbus, Indiana,

on or about the 20th of March, 1907, shipped to Reeves & Company, Drinkwater, Sask. . . .

Purchaser agrees to fully settle for said machinery before delivered by paying said freight and charges and by giving said notes. . . .

### WARRANTY.

Caution: That no person, unless authorized in writing from the home office, at Columbus, Indiana, by an officer of this company, has any authority to add or abridge, or change - this warranty in any manner, and to do so will render it void and of no effect.

The machinery furnished on this order is warranted to be made of good material, well constructed, and with proper use and management to do as good work as any other of the same size and rated capacity made for the same purpose.

If inside of six (6) days from the day of its first trial it shall fail in any respect to fill this warranty, written notice shall be given immediately by the purchaser to the vendor at its home office, Columbus, Ind., and written notice also to the local agent through whom the same was received, stating particularly what parts and wherein it failed to fill the warranty, and a reasonable time be allowed vendor to get to the machinery with skilled workmen and remedy defects if any there be (if it be of such a nature that a remedy can not be suggested by letter), the purchaser to render all necessary and friendly assistance and to cooperate in making the machinery a practical success. If any part of the machinery can not be made to fill the warranty, that part which fails shall be returned immediately by the purchaser to the place where it was received, with option in the vendor to either furnish another machine or part in place of the machine or part so returned or to return money and notes which shall have been given for the same, and thereby rescind the contract *pro tanto* or in whole, as the case may be, and be released from any further liability.

If vendor shall furnish another machine in place of the one returned, the terms of this warranty shall be held to be fulfilled, and the company shall be subject to no further liability under this order.

It is further mutually agreed and understood that the use of said machinery after the expiration of the time named in the above warranty shall be evidence of the fulfillment of the warranty and full satisfaction to the purchaser, who agrees thereafter to make no further claim on the vendor.

Neither shall the fact of any local or traveling agent or expert of this vendor rendering assisting of any nature after the above warranty has been concluded operate as an extension of the condition thereof.

The plows, with an engine to pull the same, were delivered to the defendants at Drinkwater, Canada, under the supervision of Mr. Lowell, a general agent for the plaintiff in charge of that territory. The first trial of the plows was made on a farm about a mile from Drinkwater. The plows did not work well, and on the third day of the trial the defendants in person notified the plaintiff's local agent at Drinkwater of such fact. Word was then received from Mr. Lowell, the general agent, that Mr. Clay, the inventor of the plows, was at Regina, and would like to see them work. The defendants immediately sent word to Mr Lowell that the plows were not doing satisfactory work, and asked that he and Mr. Clay come at once. Mr. Lowell and Mr. Clay arrived at the Farrer farm, where the plows were, that same evening, and followed the plows part way across the field. They did not then make any attempt to adjust the plows, but returned to Drinkwater for the night. They returned to the Farrer farm the next morning about five o'clock, made a slight adjustment calculated to regulate the depth of the furrow, and left again at about seven o'clock in the morning. The defendants worked with the plows that day and the next. Their work was still unsatisfactory, and one of the defendants then went to see Mr. Lowell at Regina, where he told him that the plows were not working any better. Mr. Lowell said that he did not know as he could do anything, but that he would try to

*1. SALES: warranty: notice of defects: evidence.*

get Mr. Clay back, and, as soon as he came back, that they would "come on and see what they could do." Within a short time thereafter, Mr. Lowell, Mr. Clay, and two other agents of the plaintiff went to the Farrer farm, and attempted to make the plows work well, but they were unable to do so, and soon abandoned the effort. One of the defendants then asked Mr. Lowell, the general agent, what he should do with the plows, and Mr. Lowell answered that he did not care what was done with them; that the defendant would have to settle for them in any event. On the third day of the trial the defendants also mailed a written notice of the defects in the plows to the plaintiff at its home office in Columbus, Ind.

The foregoing recital of facts is in itself sufficient to show that it was error to direct a verdict for the plaintiff. The contract gave the defendants six days for a trial of the machinery, and provided that, if it failed in any respect to fill the warranty, written notice thereof should be immediately given the home office of the plaintiff, and a similar notice be given the local agent through whom the plows were received. A written notice properly addressed was mailed to the plaintiff, the only way that it could be given within the six days allowed for the trial, and, while the plaintiff denied having received the same, it was for the jury to say whether under all of the circumstances it did receive it. But, whether the letter was received or not, we think the case should have gone to the jury on the question of waiver for this reason. Notice was given to the general and local agents, and a written notice mailed to the plaintiff on the third day of the trial of the plows, and, in response to these notices to the general and local agents, the general agent and an expert from the plaintiff's factory appeared and inspected the work of the plows. Still later, but within the time required by the contract, another notice was given the general agent, to which he responded by again appearing with the same

expert and two other agents of the plaintiff, at which time they attempted to make the plows comply with the warranty. The presumption is that these men were authorized by the plaintiff to do exactly what they did do, and in the absence of any evidence to the contrary, such presumption is sufficient, at least, to take the question to the jury. The manifest object of the notices was to give the plaintiff an opportunity to inspect the work of the plows and to remedy defects, if any; and when this has been done, and he has acted as fully as he could have done with a more formal notice, he can not complain. *First National Bank v. Dutcher et al.*, 128 Iowa, 413, and cases cited therein. It is also the general rule that an agent having power to sell a machine under a contract which contains conditions for the benefit of the seller has authority to waive such conditions. *Bank v. Dutcher, supra.*

The contract provides for notice after the expiration of the six-day trial provided. for, and then the plaintiff was to have a reasonable time in which to make the machinery comply with the contract. It not only appeared and undertook this work, but, if the defendants are to be believed, such appearance was in response to the notices given. The plows were not returned to Drinkwater as required by the contract, but the appellants contend that there was a waiver of such return. Whether there was such a waiver was a question for the jury. After the last trial, in which Mr. Lowell and the three other agents participated, the defendants stated to Mr. Lowell that they were not satisfied with the work of the plows, and asked him what they should do with them, to which he replied that he did not care what they did with the plows, that they belonged to them, and that they would have to pay for them. Although the defendants did not in the exact language offer to return the plows to Drinkwater, such was the fair import of the question, and it was evidently so understood by Mr. Lowell, as in-

2. Same: breach of warranty: waiver.

dicated by his answer. The defendants were, therefore, justified in believing that the plaintiff would not accept the plows or do anything more towards meeting the requirements of the warranty, if they were returned, but would enforce payment of the notes then held by them for the purchase price. *Kuhlman v. Wieben,* 129 Iowa, 188; *McDermott v. Mahoney,* 139 Iowa, 292.

The trial court would not permit the defendants to prove the amount of freight on the machinery paid by them under the terms of the contract. The ruling is wrong.

3. SAME: breach of warranty: recovery of damages.
Under the terms of the contract the plows were to be delivered to the defendants at Drinkwater, Canada, and settled for there, the defendants to pay therefor the freight from Columbus, Ind., and twelve hundred dollars. The contract itself says that the "purchaser agrees to fully settle for said machinery before delivery by paying said freight and charges and by giving said notes." The defendants are entitled to recover the freight and charges paid, if it be found that there was a breach of warranty, and that the defendants are entitled to relief on account thereof. *Briggs et al. v. Rumely Co.,* 96 Iowa, 202. Whether or not the plows did comply with the warranty was a question for the jury; the evidence on the subject being conflicting. The case should have been submitted to the jury. The judgment is therefore *reversed.*