JENNIE DAHL, by LOUIS DAHL, her next friend, v. ANNIE HANSEN, Appellant.

Slander and libel: EVIDENCE: *Res gestae*. In an action for slander
1 it is permissible for plaintiff to show the facts and circumstances attending the transaction, which caused the use of the slanderous words, as a part of the *res gestae*.

Instructions: REFUSAL OF REQUESTS. Requested instructions covered
2 by those given, or requests relating to matters not in issue, may properly be refused.

**Slander and libel:** MITIGATION: INSTRUCTIONS. Where the defendant alleged that she was mentally irresponsible for the defamatory words used, and offered evidence in support thereof, an instruction that the burden of proof was on her to establish that fact, in mitigation of damages, was proper.

**Same:** SLANDER *per se:* INSTRUCTION. Defamatory words are to be given their ordinary and natural meaning, irrespective of the intention of the speaker; and it is immaterial how the words were understood by a particular person if their usual meaning did not warrant such an interpretation: So that an instruction to the effect that if defendant used words that would lead an ordinary person to believe that plaintiff was afflicted with a loathsome disease such an imputation was slanderous *per se,* was not erroneous or misleading.

**Same:** DAMAGES. Where punitive damages are allowable for the use of words slanderous *per se* the amount thereof is peculiarly within the discretion of the jury. In the instant case the award of $1,000 is held not excessive.

*Appeal from Clay District Court.*—HON. A. D. BAILIE, Judge.

WEDNESDAY, OCTOBER 25, 1911.

AN action of slander in which the plaintiff recovered. The defendant appeals. *Affirmed.*

*Buck & Kirkpatrick* and *George A. Heald,* for appellant.

*F. F. Faville* and *W. E. Barnhart,* for appellee.

SHERWIN, C. J.—At the time of the transaction in question, the plaintiff was about sixteen years old, and in the employ of the defendant as a housemaid. Plaintiff alleged in her petition that the defendant in the presence of others, called her a "dirty whore" and a "prostitute," and later stated to another person that she had been told by a physician that plaintiff was "rotten through and

through," and was affected with a contagious disease. The petition alleged that the defendant meant to charge that plaintiff was afflicted with a veneral disease, and that her statement was so understood by her hearers. In her answer the defendant admitted that she had called the plaintiff a "dirty whore" and a "prostitute," but she denied having said that plaintiff was afflicted with a venereal disease, and stated that what she did say was that she had visited a physician with the plaintiff, and that after an examination of the plaintiff the physician said that he did not know "whether the disease was contagious or not," and advised the defendant not to let her niece sleep with plaintiff, because plaintiff might be afflicted with some contagious disease. Defendant further answered that she did not intend to be understood as charging that the plaintiff was afflicted with a venereal disease, and did not say anything from which such a conclusion could be drawn; that, as a matter of fact, the plaintiff was not afflicted with such disease, and was not a prostitute nor whore.

The transaction which caused the charge that plaintiff was a whore and prostitute occurred in the upper story of the defendant's home, along in the evening. The plaintiff and another young woman were attempting to play a practical joke on a young man who was rooming in the house, and the three of them were in the upstairs hall, when the defendant went up there and spoke the language complained of. The plaintiff was permitted to show what she and the other girl were doing in the hall, and why they were there. This was all a part of the *res gestae,* and was properly received.

1. SLANDER AND LIBEL: evidence: *res gestae.*

There was no error in refusing the defendant's second request, for the reason that it was substantially given in the court's own instructions. In so far as request No. 3 stated the law correctly, it was covered by the instructions given. Requests Nos. 4, 6, 7, 8, and 9 were fully

covered by instructions given. Request No. 14 was rightly refused, because it related to a matter not in issue. Instruction No. 10, asked by the defendant, was embodied in No. 13 given, and the defendant is in no position to complain, either of the failure to give No. 10 or of the language used in No. 13.

2. Instructions: refusal of requests.

In the sixth instruction the court told the jury, in effect, that the burden was on the defendant to prove in mitigation of damages that she was mentally irresponsible for the language used, and it is said that too great a burden was placed on the defendant thereby. The instruction followed the defendant's answer, and was applicable to the evidence offered and received in support thereof. The instruction was called for by the issue tendered, and the defendant can not now be heard in opposition thereto.

3. Slander and Libel: mitigation: instructions.

In one of the instructions (No. 9) the court told the jury that if it found that the defendant used such language as would cause an ordinarily reasonable person to believe that she intended to charge the plaintiff with being affected with a venereal disease, such charge would be slanderous in itself. As we understand the appellant's argument, she objects to this instruction, because an ordinarily reasonable person might have understood the words spoken in a different sense from what the hearer did in fact understand them; and it might also appear that the person who spoke the words intended them in a different sense from what an ordinarily reasonable person would understand them. The language of the instruction is, perhaps, not as precise as it might have been made, but we think it was not erroneous or misleading. The rule is that words are to be given their ordinary and natural meaning, regardless of the intention of the speaker, unless the defendant shows that by reason of the attendant circumstances some other

4. Same: slander per se: instruction.

and different meaning is to be placed upon them. In *Irlbeck v. Bierle*, 84 Iowa, 47, relied upon by the appellant, it was held improper to instruct that the language should be understood according to its reasonable construction, for the reason that a reasonable construction might convey a meaning not understood by the hearers. It is a general rule that it is immaterial how the words were understood by a particular person, if their ordinary and natural meaning did not warrant such an understanding, and that was undoubtedly the thought of the court in the instruction given. It is clearly expressed in the charge as a whole, and we think there could have been no misunderstanding on the part of the jury.

The appellant also says that the verdict was excessive. It was for $1,000. It is the rule of this court that where words are slanderous *per se,* and where punitive damages

5. SAME: damages.

may properly be allowed, the amount of damages is peculiarly within the discretion of the jury. *Emerson v. Miller*, 115 Iowa, 317. We are not ready to say that this discretion was abused by the jury in this case. The judgment is *affirmed*.