REEVES & COMPANY, Appellant, v. R. R. YOUNGLOVE and B. K. YOUNGLOVE, Appellees.

**Sales:** BREACH OF WARRANTY: EVIDENCE. Plaintiff sold defendants 1 a gang plow under a warranty that with proper management it would do as good work as any other plow of like size and capacity made for the same purpose. On an issue of breach of the warranty defendants showed the inferior kind and quality of the work done, and the amount of ground a plow of the size of the one in controversy would plow in a day or an hour when in good working order. *Held*, that there was no apparent prejudice in permitting defendants to show that while plaintiffs' agent was present trying to fulfill the warranty defendant plowed an equal amount of ground with a plow of less capacity.

**Same.** It was also competent for defendants to show in support of 2 their claim that the plow would not do good work with the best practical handling; that land owners employed by them refused to allow them to complete their work because of its inferior character; as bearing upon the reasonableness of their contention, and the right to rescind.

**Examination of witnesses:** DISCRETION. Whether a party may abandon 3 the cross-examination of a witness of the opposing party and proceed to examine him as his own witness is a matter wholly discretionary with the court.

**Appeal:** LAW OF THE CASE. The ruling upon a former appeal that the 4 evidence of waiver of a provision of the contract of sale was sufficient to take that question to the jury, constitutes the law of the case on a retrial on substantially the same evidence.

**Sales:** BREACH OF WARRANTY: DUTY TO RETURN: WAIVER. Where defendants, in an attempt to make the plow in question comply with the warranty, changed the mold boards to reduce the friction, and upon their failure to make it work plaintiff's agent also made an unsuccessful attempt to make it work while in its changed condition, the removal of the mold boards, which could easily be replaced and to which no objection was made, was not such an alteration of the plow as to relieve the agent's statement that he did not care what was done with the plow and that it belonged to defendants and they would have to pay for it, of its effect as a waiver of the contract provision to return it to the railway station in case it could not be made to work properly.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

ACTION at law upon promissory notes given for the purchase price of a steam gang plow. Defendants pleaded breach of the warranty made by the plaintiff and a rescission of the contract of purchase. They also set up a counterclaim for damages. There was a verdict for defendants and for a recovery on their counterclaim. Plaintiff appeals. —*Affirmed.*

*Shull, Sammis & Stilwell, W. R. Baxter,* and *John A. Garver,* for appellant.

*W. G. Sears,* and *B. A. Goodspeed,* for appellees.

WEAVER, J.—It is conceded that defendants gave the notes in suit for the purchase price of a steam plow, that the plow was sold to the defendants for use by them in Saskatchewan, Canada, and that such sale was accompanied by a written contract of warranty. It is the claim of the defendants that upon delivery and trial of the plow it failed to do good work, that on notice of that fact plaintiff sent to them its agents, who endeavored to adjust it and make it per-

form as warranted, but failed so to do, and that thereupon they tendered a return of the plow, which was refused. They further aver that they have ever since held such plow subject to plaintiff's order and have been and are still ready to return it. They further allege that they paid the freight and customhouse charges on the plow and ask to recover from plaintiff the expenses so incurred. The issues have been twice tried. Upon the first trial the court directed a verdict for the plaintiff, but on appeal to this court the judgment so rendered was reversed. *Reeves v. Younglove,* 148 Iowa, 699. We there held that, notwithstanding the requirements of the contract as to the time and manner of giving notice of the failure of the plow to work, strictness of compliance therewith would be considered waived if, to such notice as was in fact given, plaintiff responded and undertook to remedy the alleged defects in the implement; and that the announcement by plaintiff's agent that a return of the plow would not be accepted was a sufficient waiver of the necessity of a formal tender of such return. It was further held that, if defendants succeeded in establishing the alleged breach of warranty and their rescission of the contract, they would be entitled to recover upon their counterclaim for freight and charges paid. The cause has since been retried and the issues found in favor of the defendants. For a reversal of the judgment below appellants rely on two propositions—that there was error in certain rulings of the court upon matters of evidence, and that the evidence is insufficient to sustain a finding of a waiver of the return of the plow.

I.    The point of the exceptions taken by appellant will be more readily understood by reference to the written warranty, which is in the following form:

The machinery furnished on this order is warranted to be made of good material, well constructed, and with proper use and management to do as good work as any other of the

same size and rated capacity, made for the same purpose. If inside of six (6) days from the day of its first use it shall fail in any respect to fill this warranty, written notice shall be given immediately by the purchaser to the vendor at its home office, Columbus, Ind., and written notice also to the local agent through whom the same was received, stating particularly what parts and wherein it fails to fill the warranty, and a reasonable time allowed the vendor to get to the machine with skilled workmen and remedy the defects, if any there be (if it be of such a nature that a remedy cannot be suggested by letter), the purchaser to render all necessary and friendly assistance and co-operate in making the machinery a practical success. If any part of the machinery cannot be made to fill the warranty, that part which fails shall be returned immediately by the purchaser to the place where it was received, with the option in the vendor either to furnish another machine, or part, in place of the machine or part so returned, or return the money and notes which shall have been given for the same, and thereby rescind the contract *pro tanto,* or in whole, as the case may be, and be released from any further liability whatever herein.

In view of the holding by this court on the former appeal, it cannot well be denied that as to the alleged breach of this warranty and the sufficiency of the notice thereof to the plaintiff the defendants made a case which entitled them to go to the jury. Indeed, we do not understand counsel as contesting that proposition, but it is said that certain testimony relating to the work of the plow was erroneously admitted to the appellant's prejudice. After showing the inferior kind and quality of work done by this plow, testimony was admitted without objection that with a gang plow of the size of the one in controversy and working in good order twenty to thirty acres was a good average day's work, or from two to two and a half acres per hour. It was also shown without objection that about the time of the agent's visit defendants used another plow pulled by the same engine and using eight to ten bottoms, a capacity which was less than that of the plow in con-

1. SALES: breach of warranty: evidence.

troversy. This was followed by the question, "How many acres did you plow with that?" To this plaintiff objected as being incompetent and irrelevant, but the witness was allowed to answer that it plowed from two to two and one-fourth acres per hour. On this ruling error is assigned. We find nothing in it of which plaintiff can complain. One of the terms of the warranty was that the plow would do as good work as any other of the same size and rated capacity. Having adopted this as one of its standards of excellence, there is no apparent prejudice in comparing its work with another of less capacity; but, whether strictly admissible or not, the testimony is not of an importance or character which would justify us in ordering another trial because of such ruling.

One of the defendants was also allowed to testify that at the time of testing the implement they were doing a job for one Farrer, who objected to the quality of the work so performed, and refused to permit them to proceed. If, as defendants claimed, the plow, 2. SAME. with the best practical handling, would not do good work, and its defects were of such character that landowners employing them refused to allow them to complete their jobs, we think the fact is not without bearing upon the reasonableness of their complaints to the plaintiff and their right to rescind the purchase. Moreover, it is so intimately connected with their claim to have made a fair trial of the plow and of the work which it could be made to perform, it may well be treated as *res gestæ* and proper matter for consideration by the jury.

On cross-examination of this witness counsel for appellant sought to draw out something in regard to another implement, spoken of as the Cockshutt plow, which defendants purchased about that time. Objection being 3. EXAMINATION OF WITNESSES: raised, counsel responded, "For the purpose discretion. of this question we will make him our own witness," and then proceeded to ask him whether he had

not at that time contracted for another plow of the same general kind and character as the Reeves plow. This was ruled out on defendant's objection, and here, also, error is assigned. Whether a party shall be permitted to abandon the cross-examination of a witness for the opposing party and proceed to examine him as his own witness is a matter wholly within the discretion of the trial court.

Being denied the right so to do, it was still open to appellant to call the witness in rebuttal or prove the fact, so far as it was material, by any other witnesses after the defendants had rested.

Without further discussion of the ruling upon evidence, we may say they are of the same general character as those which we have specially mentioned, and after full examination none of them appear to involve any reversible error.

II. Is the evidence sufficient to justify a finding that plaintiff waived a return of the plow?

We are of the opinion that the ruling by this court upon the former appeal requires us to answer that question in the affirmative. In disposing of that appeal we called attention to the testimony of the defendants to the effect that, when plaintiff's agent had failed to make the plow work properly and was about to leave the premises, defendants said to him they were not satisfied with it, and asked him what they should do with it, to which question the agent replied he did not care what they did with the plow, and that it belonged to the defendants, and that they would have to pay for it. This showing we expressly held was sufficient to carry to the jury the question whether plaintiff had not waived that part of the contract which required defendants to return the plow to the railway station where it was received.

4. APPEAL: law of the case.

The testimony on the second trial with respect to the conversation mentioned and the statement of the agent that

he did not care what was done with the plow, that it was

5. SALES: breach
of warranty:
duty to return:
waiver.

defendant's property, and that they would have to pay for it, is substantially a repetition of that given on the first trial, and the holding with reference thereto must be considered the law of the case as it relates to this proposition. Counsel conceive, however, that the effect of this rule is avoided because it now appears that, when the agent visited defendants the last time, they had taken the mold boards from a part of the plows in the gang and substituted others. The mold boards furnished with the plow were of solid steel, while the others were made of rods and were being used in the hope that the friction in pulling the instrument through the ground might thereby be lessened. It is said in argument that defendants had dismantled or changed the plow and that the implement they proposed to return was not the one delivered to them. But it appears that the mold boards were attached to the plow by removable bolts, and, having been removed, could be readily replaced. They were in the immediate vicinity when the offer to return was made, and their replacement could have been accomplished with slight effort. The agent had been testing the plow with the substituted parts without objection. When asked about the return, he made no objection on account of the condition of the plow, but depended upon his own conclusion or belief that it complied with the warranty and that defendants were therefore bound to keep and pay for it. If in reply he had said no more than that plaintiff would expect them to comply with their contract, or had objected that the plow was not in the condition in which it was sold, there might be room for argument in support of the contention now made. Had he not refused to consider the question of a return and had told the defendants to haul the plow to the station, it is fair to presume that they would have put it in the shape in which they received it. The plea made in avoidance of the waiver is quite evidently an afterthought, and we think it lacks merit. At the very most which

can be claimed for it, it is not sufficient to enable the trial court or this court to dispose of the alleged waiver as a matter of law.

There is no reversible error in the record, and the judgment appealed from is *Affirmed*.

LADD, C. J., and EVANS and PRESTON, JJ., concur.