STATE, APPELLANT, v. BROADWATER, RESPONDENT.

(No. 5,828.)

(Submitted January 12, 1926.  Decided February 8, 1926.)

[243 Pac. 587.]

*Criminal Law — Grand Larceny — Evidence — Motives — Res Gestae—Commission of Other Offenses—New Trial.*

Criminal Law—New Trial—When Order Granting, Affirmed.
1.  If the district court was warranted in granting a motion for a new trial on any one of the grounds urged, the order will be affirmed; and it is only in exceptional cases supported by cogent reasons that the supreme court will set aside such an order, especially in a criminal case.

Same—Insufficiency of Evidence—Discretion—Conflict in Evidence—When Refusal Error.
2.  An application for a new trial on the ground that the evidence is insufficient to justify the verdict, or that the verdict is contrary to the evidence, is addressed to the sound discretion of the trial court, and where there is a substantial conflict in the evidence its action on the motion will not be disturbed; where, however, there is no substantial evidence to support the verdict, it is its duty, as a matter of law, to set aside the verdict, and its refusal to do so is error.

Same—Larceny—Evidence—Motives—Admissibility.
3.  Where in a prosecution for cattle-stealing a witness for the state had testified that on discovering the tracks of a number of cattle and a horse leading in the direction of defendant's place he had followed them, a question asking his reasons for following them did not call for a conclusion but for a fact, and was proper.

Same—*Res Gestae*—What Inadmissible Under Doctrine.
4.  *Res gestae* in the law of evidence include all those facts and circumstances which grow out of the litigated act, are contemporaneous with it and serve to illustrate its character, *i. e.*, are a part of the act itself; therefore statements unconnected with that act are not part of the *res gestae* and are inadmissible.

Same—Evidence of Other Offenses Inadmissible.
5.  In a prosecution for the larceny of cattle, admission of testimony tending to show that defendant had slaughtered cattle other than those alleged to have been stolen and thus had violated the provisions of section 3346, Revised Codes of 1921, in failing to keep the hides

---

4.  What included within the *res gestae*, see notes in 95 **Am. Dec.** 51; 16 **Am. St. Rep.** 407.
Declarations as part of the *res gestae*, see note in 58 **Am. Rep.** 184.
5.  Admissibility in criminal case of evidence of other offenses, see notes in 44 **Am. Rep.** 299; 105 **Am. St. Rep.** 976.  See, also, 8 **R. C. L.** 198.

[75 Mont. 350.]

for ten days, was error, under the rule that upon the trial of one accused of crime, evidence of a distinct and separate offense is not admissible.

[1] Criminal Law, 17 C. J., sec. 3544, p. 203, n. 97; sec. 3589, p. 248, n. 3.

]2] Criminal Law, 16 C. J., sec. 2707, p. 1179, n. 65; p. 1180, n. 72; 17 C. J., sec. 3589, p. 250, n. 4.

[3]. Criminal Law, 16 C. J., sec. 1550, p. 755, n. 86 New. Witnesses, 40 Cyc., p. 2444, n. 53.

[4] Criminal Law, 16 C. J., sec. 1114, p. 573, n. 37; p. 574, n. 44, 45, 46.

[5] Criminal Law, 16 C. J., sec. 1115, p. 575, n. 58.

*Appeal from District Court, Blaine County; Charles A. Rose, Judge.*

HARRY BROADWATER was convicted of grand larceny. From an order granting his motion for a new trial, the state appeals. Affirmed.

*Mr. L. A. Foot,* Attorney General, and *Mr. Geo. R. Hurd,* for Appellant, submitted a brief; *Mr. I. W. Choate,* Assistant Attorney General, argued the cause orally.

*Mr. Henry C. Smith* and *Mr. J. P. Donnelly,* for Respondent, submitted a brief; *Mr. Smith* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The defendant was convicted of the crime of grand larceny and sentenced to a term in the state prison. He thereupon moved for a new trial, alleging as grounds therefor that the court erred in decisions of law arising during the course of the trial, misdirected the jury in matters of law, and that the verdict was contrary to the law and the evidence. The court granted the motion upon all the grounds specified. From the order granting the motion the state has appealed.

1. If the court was warranted in granting the motion upon [1] either of those grounds the order must be affirmed.

(*State* v. *Foster,* 26 Mont. 71, 66 Pac. 565), and it is only in exceptional cases supported by cogent reasons .that this court will set aside an order granting a new trial, especially in a criminal case. (*State* v. *Schoenborn,* 55 Mont. 517, 179 Pac. 294.)

In *State* v. *Foster, supra,* Mr. Chief Justice Brantly laid [2] down the rules which are apt here: "The rule has frequently been declared by this court that an application for a new trial on the ground that the evidence is insufficient to justify the verdict, or that the verdict is contrary to the evidence, is addressed to the sound discretion of the trial court, and that where there is a substantial conflict in the evidence, the action of that court in granting, or denying the application, will not be disturbed on appeal. (*Hamilton* v. *Nelson,* 22 Mont. 539, 57 Pac. 146; *Patten* v. *Hyde,* 23 Mont. 23, 57 Pac. 407.) If, however, there is no substantial evidence to support the verdict, a different rule applies. In the latter case it becomes the duty of the trial court, as a matter of law, to vacate and set aside the verdict, and if it refuses to do so, its action will be held erroneous. (*State* v. *Welsh,* 22 Mont. 92, 55 Pac. 927.)'" (And see *State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521.)

2. The evidence shows that a thief had driven four head of cattle from the inclosure of Ross, the prosecuting witness, [3] to that of the defendant. That grand larceny was committed there is no doubt. Four men, including the defendant, were charged with the crime. One pleaded guilty, two have not been tried. During the trial of this defendant a witness testified that he had discovered the tracks of four head of cattle and one horse leading from the Ross field in the direction of defendant's fields. He followed the tracks. He was asked, "What was your reason for following the tracks?" The question was objected to as calling for incompetent, irrelevant and immaterial testimony—"let him state what he did, not what he concluded," said counsel for defendant. The ques-

tion was proper. It frequently is of advantage to inquire into the motives which have induced the actions of a witness. The motive under which he has acted, if shown, often determines the weight to be given to his testimony. It often makes clear that which otherwise would be obscure. The question called for a fact, not a conclusion. The objection being overruled the witness said in part: "We have been losing an awful lot of cattle for the past several years and never got any track of them. I knew that somebody was getting away with them * * * ." Counsel for defendant moved to strike out the answer because not responsive to the question. The court denied the motion. Whether or not the answer was objectionable its propriety was not called in question by the motion. The answer was responsive and certainly tended to explain why the witness followed the tracks.

3. A Mr. Brader went to the Broadwater ranch on the afternoon of February 13 to see whether he could purchase some beef. Defendant said he would try to furnish Brader a beef upon the next morning; at that time he, defendant, was too drunk to butcher. Defendant said Griffin was out after cattle. Brader testified: "He wanted me to stay there to help kill one and be sure I would get it in the morning. When I left I said to Broadwater: 'If Griffin is as full as you are I need not expect beef from you in the morning.' " This was in the afternoon. Later in the afternoon, it seems, Griffin was engaged in butchering a beef which belonged to Ross, but whether defendant was aware of that fact is not important upon this feature of the case. While the butchering was in process the defendant was in the house asleep, in an intoxicated condition. Upon being awakened he was interrogated by the witness Sellers, a state stock inspector, concerning certain hides.

Sellers was asked, "Well, now, did you make any inquiry of the defendant, Harry Broadwater, concerning any hides for beef that he might have been selling in Havre?" Objec-

tion having been interposed counsel for the state informed the court that the testimony was offered as a part of the *res gestae,* whereupon the court overruled the objection. And then the witness testified that he asked the defendant where the hides were for the three beeves he had sold in Havre in the last ten days, following with testimony tending to show that the defendant was unable to produce any hide, save one, which could have been taken from an animal butchered within the ten-day period.

We are unable to see how the reception of this testimony can be justified. The crime for which the defendant was on trial was for the larceny of two steers, the property of Ross, and unquestionably the basis of the charge was the asportation of the steers from the Ross field, which took place on or about the 8th of February. It was not asserted that the hides which Sellers was talking about were from any of the Ross cattle.

Speaking of the phrase, *res gestae,* "inexact and indefinite in its scope" (Wigmore on Evidence, sec. 1767), the supreme court of Missouri in *Redmon* v. *Metropolitan Street Ry. Co.,* 185 Mo. 1, 105 Am. St. Rep. 558, 84 S. W. 25, observed: "*Res gestae* may be defined as those circumstances which are the automatic and undisguised incidents of a particular litigated act, and which are admissible when illustrative of such act—indeed, must be in contemplation of law a part of the act itself. Narratives unconnected with the principal facts are universally rejected."

*Res gestae* are the circumstances, facts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character. (*Stirling* v. *Buckingham,* 46 Conn. 461; *Pinney* v. *Jones,* 64 Conn. 545, 42 Am. St. Rep. 209, 30 Atl. 762.)

Ruling Case Law says *res gestae* include all those facts and circumstances which are incidents or a part of the litigated

act, and which are illustrative of such act and in contemplation of law are a part of the act itself. (10 R. C. L. 882.)

The general rule, of course, is that the commission of an act charged against a party may not be proved by showing a like previous act to have been committed by him. (10 R. C. L. 937.)

In *State* v. *Hopkins,* 68 Mont. 504, 219 Pac. 1106, we said: "It is the general rule that upon the trial of one accused of crime evidence of a distinct and separate offense is not admissible." So far as we can determine the state was not attempting to prove a series of larcenies going to make up a course of conduct within the purview of the rule recognized in *State* v. *Wyman,* 56 Mont. 600, 186 Pac. 1; *State* v. *Cassill,* 70 Mont. 433, 227 Pac. 49, and cases therein cited.

The evidence did not have any relevancy to the particular crime for which the defendant was upon trial. It simply tended to show that the defendant had violated the statute which provides that every person slaughtering cattle must keep the hides, with the ears attached, for ten days, and must upon demand exhibit the hides for examination. (Sec. 3346, Rev. Codes 1921.) The reception of this evidence may have been one of the reasons why the court granted the motion for a new trial. Be that as it may, after an examination of the evidence in the case we say without hesitation that the trial court was clearly within its proper province when it sustained the motion for a new trial.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.