WILLIAM J. KLUENDER, Appellant, v. A. H. SEMANN, Appellee.

LIBEL AND SLANDER: Words Actionable. The naked statement that a person is such a dope fiend that no one can believe a thing he says, is not actionable.

Headnote 1: 36 C. J. p. 1214 (Anno.)

Headnote 1: 17 R. C. L. 312.

*Appeal from O'Brien District Court.*—M. E. HUTCHISON, Judge.

FEBRUARY 15, 1927.

· An action for slander. A demurrer to plaintiff's petition was sustained. Plaintiff refused to plead further, and judgment was rendered accordingly. Plaintiff appeals.—*Affirmed.*

*James B. Linsday,* for appellant.

*W. J. E. Thatcher* and *Heald, Cook & Heald,* for appellee.

ALBERT, J.—The substance of plaintiff's petition is that, about the month of April, 1923, the defendant orally uttered, of and concerning the plaintiff, to one Christ Pries, who resided in the town of Paullina, the following false, malicious, and defamatory words, to wit:

"He is a dope fiend. He takes so much dope that he is not right in his mind, and you cannot believe a thing he says."

The petition further states that the defendant intended by said statements to charge the plaintiff with using narcotic drugs unlawfully and excessively, and with violating the laws, in that he was having in his possession narcotic drugs unlawfully, and for the purpose of using the same unlawfully, and was thereby charging plaintiff with the violation of the penal statutes of the state of Iowa and of the United States; that the said statements were false and untrue, and were made maliciously, and with knowledge of their falsity and untruth, for the purpose of expressly injuring the good name, character, and reputation of the plaintiff with his friends and neighbors in said community; that, by reason of said false and slanderous statements, as above stated, plaintiff has been damaged in the sum of $10,000. Wherefore he asks judgment for $10,000 actual damages and $5,000 exemplary damages. ·

To this petition a demurrer was interposed, on the ground that the petition did not set out a cause of action, or entitle plaintiff to any judgment, in this:

"The words alleged to constitute slander are not slanderous, and do not constitute slander, and the plaintiff is not entitled to any damages by reason thereof, and said words do not charge the plaintiff with the commission of any crime."

There are some elementary principles of law which lie at

the threshold of this case. In *Abrams v. Foshee*, 3 Iowa 274, we said:

"To maintain an action of slander, the consequence of the words spoken must be to occasion some injury or loss to the plaintiff, either in *law* or in *fact*. As the declaration in this case claims no special damages, or a loss or injury in *fact*, we are left to inquire whether the charge referred to in the instructions refused was of such a character as to amount to an injury *in law*. To determine this, it becomes material to ascertain in what cases this action may be maintained, without proof of special damages."

This distinction thus pointed out corresponds largely, if not wholly, with the ordinary phrases used by text-writers and the court,—words being actionable *"per se"* or *"per quod."* The words which are actionable at law are ordinarily designated as actionable *"per se,"* while those actionable on the facts are known as actionable *"per quod."* 36 Corpus Juris 1150. In other words, certain words or language the law holds to be a basis for damages. Other words or language are not the basis of an action for damages, without proof of special damages in addition thereto. In *Dahl v. Hansen*, 152 Iowa 555, we said:

"The rule is that words are to be given their ordinary and natural meaning, regardless of the intention of the speaker, unless the defendant shows that by reason of the attendant circumstances some other and different meaning is to be placed upon them. * * * It is a general rule that it is immaterial how the words were understood by a particular person, if their ordinary and natural meaning did not warrant such an understanding * * * "

Another rule is that an innuendo is not an averment, but is only a matter of explanation. It cannot extend the sense of the expressions in the alleged libel beyond their own meaning. *Wallace v. Homestead Co.*, 117 Iowa 348. An innuendo is only explanatory of the subject-matter previously expressed, and it can only be explanatory thereof, and cannot extend the sense of the words beyond their own meaning, unless something is put in the record for it to explain. It is the duty of the court to determine whether the language used in the publication can fairly or reasonably be construed to have the meaning imputed to it in the petition.

Applying these rules to the present petition, we find that there is no inducement or colloquium, and the only innuendo is that "defendant intended by said statements to charge the plaintiff with violating the laws of the state of Iowa and of the United States." As heretofore said, the rule is that, where the language is clear and concise, its meaning cannot be extended beyond the usual and ordinary meaning which should be applied to such language. More than this, a pleading which simply alleges an innuendo by way of alleged intendment on the part of the defendant is not sufficient unless it further alleges that it was so understood by the hearer. Nevertheless, we do not feel that the alleged innuendoes here are fairly or reasonably deducible from the language used. The language used does not impute a crime, and is not of that character which, in law, in and of itself, can be held to be the basis for damages; and no special damage is alleged. We are not to be understood as holding that, under all circumstances, the language used could not be the basis of an action of this character, but we do hold that the naked allegations set out herein are not sufficient to support an action of this kind.

The ruling on the demurrer, therefore, was not erroneous. —*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.