JENNIE L. CASE, Appellee, v. C. H. CASE et al., Appellants.

No. 39771.

October 15, 1929.

Opinion on Rehearing September 29, 1931.

Frank Wisdom and F. D. Wisdom, for appellants.

Slaymaker & Killmar, for appellee.

Albert, J.—The former opinion in this case was filed under date October 15, 1929 (226 N. W. 922). On account of an erroneous statement of the record which has been corrected in this opinion, the former opinion is withdrawn and this opinion substituted in its place.

Appellants are husband and wife, and Orville Case, plaintiff's husband, is their son. Many alleged erroneous rulings of the court are assigned as grounds for reversal, but we deem it expedient to discuss a few of them only. Appellants moved for a directed verdict in their favor, upon the ground, among others, that the evidence was insufficient to carry the case to the jury. This contention was later urged in a motion for a new trial. In view of the conclusion reached upon another branch of the case, we shall not discuss this issue.

Many exceptions were preserved to the court's instructions. An examination of the charge discloses no reversible error upon the present record therein, and we deem it unnecessary to discuss

the exceptions in detail. Appellants also contend that error was committed by the court in its refusal to give certain requested instructions. None of the requested instructions in their entirety correctly state the law. Each requested instruction contained statements that might, perhaps, be best described as commentaries upon the duty of the jury. They are argumentative in form and substance rather than correct statements of the law applicable to the case. The court did not err in refusing to give the requested instructions. With these general statements we pass to what we deem the controlling questions in the case.

All of the parties reside in Ringgold County. Appellee and Orville were married May 3, 1922, and in May, 1926, appellee went to South Dakota on what appears to have been a visit. The day after her arrival she was served with an original notice of an action against her for divorce and also for an injunction restraining her from going upon the premises where her ·husband resided.

The principal bone of contention between the parties appears to have been a son born to appellee and Orville December 21, 1923. When appellee returned from South Dakota to Ringgold county, she sought to visit her son, who was living at the home of appellants, where her husband also resided. She was denied permission to visit the child, and in September obtained an order of court in the divorce action for the immediate custody thereof. Armed with this court order, she went with a deputy sheriff to the home of appellants and demanded the baby. After a somewhat angry scene and much discussion, appellee was denied admission to the house. The deputy sheriff went in, and, after the lapse of some time, Orville went to a nearby village, filed an information before a justice of the peace charging appellee and her mother, who accompanied her, with the use of obscene language and with disturbing the peace. The marshal came immediately to appellant's home and arrested the parties charged, took them to town, and, after a bond was executed, they were released.

Appellee in due time filed a cross-petition in the divorce action, in which she charged her husband with inhuman treatment, and on that ground asked for a divorce. Thereafter judgment in the sum of $500 for temporary alimony was entered in her favor on the cross-petition. This judgment has not been

paid. Both the petition and cross-petition in the divorce action were later dismissed.

Upon the trial of the alienation suit, the court permitted appellants to introduce the cross-petition in the divorce action in evidence. This was without objection on the part of the appellee.

The appellee, over due and timely objection, was permitted to prove by the oral evidence of the plaintiff that in the divorce action the appellee obtained a judgment against her husband for $500 temporary alimony and attorney fees, and that the same was never paid. Appellee was also permitted to introduce the original notice served upon her in South Dakota in the divorce action, the informations filed by her husband against her and her mother, the verdict of the jury therein, and the entries upon the docket of the justice of the peace in evidence.

It should be stated in this connection, as necessary to a full understanding of what follows, that the first information filed by the husband was dismissed and a second filed. Both were dismissed as to appellee and the case tried only against her mother. The trial, which was to a jury, resulted in a disagreement. Appellants predicate error upon the rulings of the court admitting the foregoing documents in evidence. We shall discuss them together.

It must be remembered that the present action is by the wife against the parents of the husband to recover damages for the alienation of his affections by them. The cross-petition, which charged the plaintiff in the divorce action with inhuman treatment, was, upon familiar grounds, clearly admissible. The claim of appellee is that evidence of the judgment for temporary alimony is admissible upon two theories, one that it is in some way responsive to the matters pleaded in the cross-petition, and the other that it is a part of the *res gestae*. The cross-petition filed in the divorce action tended to show the state of mind of appellee toward her husband, and, to some extent at least, the causes therefor. The fact that she subsequently obtained a judgment against him for temporary alimony tended in no particular to show the relationship between her and appellants, the state of their minds, or anything else material in the case, nor was it responsive to the allegations of the cross-petition.

It is claimed by appellee, and testimony was introduced

tending to so show, that appellants were active in favor of their son in the commencement and prosecution of the divorce action, but the judgment for temporary alimony was but an incident in that proceeding, tending neither to prove nor disprove any of the issues tendered by appellee in the present action.

■ Statements or circumstances which are explanatory of the main fact in a case are often admissible in evidence as a part of the *res gestae*. The term, however, as used in this connection, is general and indefinite, and much latitude must be left to the trial court. Encyc. of Evidence, vol. 11, p. 372; Greenleaf on Evidence (16th Ed.) Sec. 108; Reeves & Co. v. Younglove, 164 Iowa 151; Duke v. Graham, 163 Iowa 272; Vernon v. Traveling Men's Ass'n, 158 Iowa 597; Dahl v. Hansen, 152 Iowa 555; State v. Broadwater, 75 Mont. 350, 243 P. 587.

The judgment for temporary alimony was wholly remote from any of the matters involved in this action, and evidence thereof is not at all necessary to a clear and perfect understanding of the transactions properly admitted in evidence. There is no controversy in this case between appellee and her husband, and no explanation of what occurred in the divorce action is here material.

■ If appellants were responsible for, or participated in, the prosecutions instituted by Orville against appellee, this fact might tend to show the state of their minds and feelings toward her. Neither the entries upon the docket of the justice of the peace nor the verdict of the jury could have that effect. They were, we think, inadmissible, but, as to whether prejudicial or not, we express no opinion. The original notice of the commencement of the divorce action served upon appellee and the informations filed by Orville if proper foundation be laid therefor, are, we think, clearly admissible. It is suggested by counsel in argument that the admission of the judgment for temporary alimony could not have been prejudicial to appellants. This may, or may not, be true. Plausible arguments may be advanced on both sides of the question. The court cannot say, as a matter of law, that it was not prejudicial. As the admission of the evidence was erroneous, prejudice is presumed. It was clearly no part of the *res gestae*, nor explanatory of any material fact or circumstance in the case, and we perceive no theory upon which it was admissible. In view of the conclusion reached at this point and of a

possible retrial of the case, we refrain from discussing any of the other matters raised by counsel. None of them present grounds for reversal, and may easily be avoided upon a retrial. For the reasons stated, the judgment is reversed.—Reversed.

FAVILLE, C. J., KINDIG, GRIMM, EVANS, WAGNER, DE GRAFF, and MORLING, JJ., concur.